IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SUPERMERCADOS ECONO

    **Plaintiff**

        v.                    CIVIL NO. 97-2818 (JAG)

INTEGRAND ASSURANCE, <u>et al.</u>

    **Defendants**

---

**MEMORANDUM AND ORDER**

GARCIA-GREGORY, D.J.

    The Court has reviewed defendant Integrand Assurance Co.'s ("Integrand") motions to dismiss (Docket No. 35) and for summary judgment (Docket No. 32), as well as plaintiff Supermercado Econo, Inc.'s ("Econo") oppositions (Docket Nos. 34, 36). Upon review of the record, the Court denies both motions, as it finds that there are genuine disputes of material fact that preclude the entry of summary judgment.[1]

    The underlying dispute in this case revolves around an insurance claim propounded by Econo on Integrand shortly after

---

[1] The Court notes that defendant Colonial Insurance Agency, Inc. ("Colonial") has been voluntarily dismissed from the case as part of a settlement with Econo. <u>See</u> Docket Nos. 41, 42, 45.

1



the passage of Hurricane Hortense through Puerto Rico in 1996. Intergrand refused to make any payments (it apparently wavered at an earlier juncture), and Econo sued it for breach of contract, <u>inter alia</u>, under the National Flood Insurance Act, 42 U.S.C. § 4053 <u>et seq.</u> Integrand contends that the insurance contract it allegedly breached is "nonexistent," given that it had included Econo as an additional insured and loss payee under the policy as a result of certain fraudulent misrepresentations. Specifically, the parties's dispute involves the question whether Econo was a bailee of goods and whether it, as a result, had to be specifically excluded as an insured under defendant Atlantic Cold Storage Inc.'s Standard Flood Insurance Policy. Integrand contends that since Econo was allegedly a bailee, and, therefore was not a proper insured party under the policy, the Court lacks subject matter jurisdiction over this action.

In its opposition, Econo expressly denies that it was a bailee of goods, and further contends that the material facts relating to the question whether the insurance contract was valid (and whether Econo was a bailee or not) are very much in dispute, and therefore not properly resolved through a summary judgment

2

motion.[2] Based on its review of the record, the Court agrees. Simply put, the facts alleged by Integrand are far from undisputed; the record reveals that both sides have markedly different views on this issue. Since Econo has proffered sufficient evidence to show that there is a genuine issue of material fact on this question, summary judgment is improper at this stage. See Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000)(noting that the Court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law").[3]

The Court denies Integrand's motion to dismiss and its motion for summary judgment. A Trial Scheduling Order will issue

---

[2]The Court notes that Econo's summary judgment motion clarified that it has waived its claim for indirect damages. (Docket No. 34 at 5.) Only its claim for direct damages regarding Integrand's disallowance of Econo's $133,000 claim (plus prejudgment interest, penalties, and attorney's fees) remains.

[3]The Court would likely have denied Integrand's summary judgment motion in any event, as it does not comply with Local Rule 311.12, which requires that the Statement of Uncontested Material Facts contain specific references to the record.

setting forth a Pre-Trial and Settlement Conference date, as well as a Trial date in this matter.

IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 29th day of April, 2002.

_____
JAY A. GARCIA-GREGORY
United States District Judge