IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SUPERMERCADOS ECONO, INC.<br><br>Plaintiff<br><br>v.<br><br>INTEGRAND ASSURANCE CO.<br><br>Defendant | CIVIL NO. 97-2818 (JAG)<br><br>CIVIL ACTION:<br><br>BREACH OF CONTRACT AND DAMAGES |

**BRIEF OF ECONO ON ITS LOSS PAYEE CLAIM**

**TO THE HONORABLE COURT:**

Plaintiff, Supermercados Econo. Inc., ("Econo") respectfully states and prays:

**INTRODUCTION**

On September 17, 2004 this Court ordered the parties in this matter to submit briefs on the issue of the loss payee claim of Econo, as set forth in the opinion of the First Circuit Court of Appeals.

After a bench trial, on February 28, 2003 this Court issued its Opinion and Order, with findings of fact and conclusion of law. The Court dismissed Econo's claims against Integrand for failure to comply with the Standard Flood Insurance Policy (SFIP) requirements that a sworn proof of loss be submitted within sixty days of a flood loss and because Econo's merchandise constituted bailee goods excluded from the SFIP's coverage. The district court made no findings of fact or conclusion of law regarding Econo's claim as loss payee under the SFIP. Econo appealed from this Court's judgment on the basis that the Court failed to make findings of fact and conclusions of law regarding

Econo's claim that, as loss payee under the SFIP, Econo should have been included as a payee in the payment of any claim to Atlantic Cold Storage[1] by Integrand.

## DISCUSSION

### A.  As loss payee Econo had to be included as payee in any payment made to the named insured under the SFIP.

A "loss payee" under an insurance policy is a party designated to receive payment should the named insured prevail on its claim.  A loss payee recovers to the extent the named insured recovers. *See*, 5A John Alan Appleman, Insurance Law & Practice, §3335 (1979); Transamerica Leasing, Inc. v. Institute of London 267 F. 3d 1303, 1307 (11th Cir. 2001); Trans Ocean Container Corp. v. Yorkshire Insurance Company, Ltd., 81 F. Supp. 2d 1340, 1344 (S.D. Fla. 1999); *see also*, Couch on Insurance §65:22 (3d Ed. 1996) ("Loss payee's rights under insurance policy are derivative of named insured's rights..."); Wometco Home Theater, Inc. v. Lumbermen's Mut. Cas. Co., 97 A.D. 2d 715, 468 N.Y.S. 2d 625, 626 (N.Y. App. Div. 1983), aff'd., 62 N.Y. 2d 614, 464 N.E. 484 (1984) ("a 'loss payee' is not itself an insured under the policy; it is merely the designated person to whom the loss is to be paid...[A] loss payee may only recover if the insured could have recovered"); Black's Law Dictionary 958 (7th ed. 1999).  In the instant case the named insured, Atlantic, was found by Integrand to have the right to recover under the policy and on December 12,1996 Integrand paid Atlantic $250,144.00 (Opinion & Order, p.8). Therefore, as loss payee, Econo had to be included in the payment made to Atlantic. The fact that as loss payee Econo had to be included in any payment made to Atlantic was explicitly admitted at trial by Mr. Freddie Acevedo-Toledo, Manager of Integrand's Flood

---

[1] In its Proposed Findings of Fact and Conclusions of Law (Docket No. _____) Econo requested and proposed findings of fact and conclusions of law on its claim as loss payee under Atlantic's policy.

Insurance Department, who testified as follows in that regard:

> **Q.** So was it via what is Joint Exhibit No. III that Supermercados Econo was made an additional insured and loss payee to (sic) Atlantic's flood insurance policy?
>
> **A.** That is correct.
>
> **Q.** Isn't it true, Mr. Acevedo, that as loss payee under a policy such as the one in this case, any payments made for a claim under that policy have to include as payee Econo Supermarkets, Inc.?
>
> **A.** Correct.

(Transcript Second Day Non Jury Trial, pages 54-55, Enclosed as Exhibit A here to).

Even though Econo claimed that as loss payee it had to be included in any payment made under Atlantic's flood policy, and presented evidence at trial establishing such right, Integrand did not present any evidence to the contrary nor advance any legal reason to defeat such claim. Thus, Integrand had to include Econo as loss payee in the claim it accepted and paid to Atlantic.

> **B.  The fact that Atlantic was a bailee of Econo's goods does not defeat Econo's right as loss payee to be included in payment of a claim made under the policy.**

The district court also ruled that Econo was not entitled to payment under Atlantic's flood policy because the merchandise stored at Atlantic's facilities were bailee goods and, therefore, excluded from coverage under the SFIP[2]. However, a discussed above, a loss

---

[2] Econo notes that in claiming as an "insured" pursuant to the "additional insured" endorsement the exclusion for bailee goods under the SFIP should not have applied to it, since as an insured Econo could not be a bailee of its own goods.

payee is not itself an insured under a policy and its property is not deemed "insured". A "loss payee" under an insurance policy is merely a party designated to receive payment, or to be included in payment of the successful claim of the named insured. Appleman, Insurance Law & Practice, 3335, *supra*.; Wometco Home Theater, Inc. v. Lumberman's Mut. Cas. Co., 464 N.E. $2^d$ 484. The property and/or goods for which Atlantic claimed from Integrand under the SFIP did not include Econo's damaged merchandise (Opinion & Order, p. 7). Therefore, the SFIP's exclusion of bailee goods has no bearing on Econo's claim as loss payee in this case.

    **C.    Because Integrand breached its contractual obligation to include Econo as a payee of Atlantic's claim, Integrand is liable for any damages suffered by Econo as a result of such breach.**

Article 1054 of the Civil Code of Puerto Rico, 31 L.P.R.A. §3018 provides:

> Those who in fulfilling their obligations are guilty of fraud, negligence or delay, and those who in any manner whatsoever act in contravention of the stipulations of the same, shall be subject to indemnify for the losses and damages caused thereby.

At the time of the loss for which Atlantic claimed and was paid, Econo had goods worth $131,423.00 stored at Atlantic's facilities. Atlantic was a bailee of such goods, and as much, had an affirmative duty to adequately safeguard Econo's goods. Atlantic failed to adequately safeguard Econo's stored goods and, as such acted negligently. (Opinion and Order, ¶¶ 50, 51, page 17). Therefore, as found by this court, Atlantic was liable to Econo for its loss.

Had Integrand complied with its contractual obligation to include Econo as payee in the payment of Atlantic's claim, Econo would have had a viable source for collecting from Atlantic the value of the goods lost as a result of Atlantic's negligent failure to

adequately safeguard Econo's stored goods.

**THEREFORE**, judgment should be entered in this case finding that Integrand breached its contractual obligation to include Econo as a payee in Atlantic's claim and that, as such, Integrand is liable to Econo in the amount of $131, 423.00.

**RESPECTFULLY SUBMITTED**.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 18, 2004 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Magaly Rodríguez de Vázquez, Esq. cvlqw@coqui.net; Modesto L. Rodríguez Suárez, Esq. mrodriguez@mhlex.com.

In San Juan, Puerto Rico this 18th day of October, 2004.

> s/Enrique Peral
> USDC-PR 202802
> **MUNOZ BONETA BENITEZ**
> **PERAL & BRUGUERAS**
> P.O. Box 191979
> San Juan, P.R. 00919-1979
> Tel. (787) 751-9393
> Fax (787) 282-0307
> e-mail eperal@munetlaw.com